**INTELLICALL, INC., Plaintiff–Appellee,**

v.

**PHONOMETRICS, INC., Defendant–Appellant.**

**No. 91–1283.**

United States Court of Appeals, Federal Circuit.

Jan. 9, 1992.

**15.** *See generally* Kendall & Plager, *Severance Damage in Eminent Domain Proceedings,* 10 U.Fla.L.Rev. 1 (1957).

Robert M. Chiaviello, Jr., Baker & Botts, Dallas, Tex., argued, for plaintiff-appellee. With him on the brief were Kevin J. Meeks and Jerry W. Mills. Also on the brief were Thomas H. Adolph, Alan D. Rosenthal and Michael E. Wilson, of Baker & Botts, Houston, Tex.

W. Bryan Farney, Arnold, White & Durkee, Houston, Tex., argued, for defendant-appellant.

Before NIES, Chief Judge, MARSHALL, Associate Justice (Retired), Supreme Court of the United States, sitting by designation, and FRIEDMAN, Senior Circuit Judge.

NIES, Chief Judge.

Phonometrics, Inc., owner of U.S. Patent No. 3,769,463 (the '463 patent), appeals from the summary judgment of the United States District Court for the Northern District of Texas declaring that Intellicall, Inc., had not infringed the '463 patent. We affirm.

## I.

### BACKGROUND

The '463 patent claims an apparatus for automatically computing and recording the cost of a long-distance telephone call. As described in the specification, the cumulative call cost information is displayed to the caller while the call is being made. Claim

1, the only independent claim of the '463 patent, defines the invention as follows:

1. An electronic solid state long-distance telephone call cost computer apparatus for computing and recording the cost of each long-distance telephone call initiated from a given calling telephone, actuated by the lifting and replacement of the calling telephone to operate switch means coupled to the calling telephone, and further actuated by a call-completion signal generated in the telephone system when a called party answers at a called telephone, the computer apparatus comprising:

call timing means for timing the duration of each completed call;

settable charge selector means for storing initial fixed charge data for a given predetermined initial call interval and incremental charge data for subsequent additional predetermined incremental call intervals;

call cost register means, including a digital display for providing a substantially instantaneous display of cumulative call cost in dollars and cents;

and computer circuit means, coupled to said switch, to said timing means, to said charge selector means, and to said call cost register means, for automatically recording, in the call cost register means, the cost of each long-distance call made from the calling telephone, said computer circuit means comprising:

reset means for resetting said timing means and said call cost register means immediately upon occurrence of said call completion signal;

initial cost transfer means initiating operation of said call timing means and for applying the complete initial fixed charge data from said charge selector means to said call cost register means substantially instantaneously upon resetting of said call timing means and said call cost register;

incremental cost transfer means for applying the complete incremental charge data from said charge selec-

tor means to said call cost register means substantially instantaneously upon completion of timing out the initial call interval by said call timing means and for again applying the complete incremental charge data from said charge selector means to said call cost register means substantially instantaneously upon completion of timing out of each incremental call interval following said initial call interval;

and termination means for interrupting operation of said computer apparatus, with the cumulative call cost held in and displayed by said call cost register means, upon operation of said switch by replacement of the calling telephone.

Phonometrics does not manufacture any products nor has it granted any licenses under the '463 patent.

Intellicall brought this declaratory judgment action against Phonometrics in the Texas district court. Phonometrics counterclaimed for infringement and both parties filed motions for summary judgment on the sole issue of infringement.

Intellicall's accused devices are several types of pay telephones. Intellicall's "window phones" visually display to the caller the amount of money deposited and count down the time remaining for the deposited amount. In some instances Intellicall phones provide digitalized voice messages in addition to, or in place of, the visual display. Intellicall also sells software which accumulates and stores call information. It is not clear exactly what functions this "Intellistar" software performs. However, access to this stored information requires opening the telephone or interrogating the Intellistar memory via computer.

The present appeal centers around the functions required for the "call cost register means" of the claim. The district court held that this means must provide an instantaneous visual display of cumulative

call cost in dollars and cents and that none of the accused Intellicall devices satisfies this element of the claim literally or under the doctrine of equivalents. Accordingly, the district court granted Intellicall's motion for summary judgment on non-infringement. This appeal followed.

## II.

## STANDARD OF REVIEW

■ A motion for summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1310, 7 USPQ2d 1881, 1883–84 (Fed.Cir. 1988). In reviewing the district court's grant of summary judgment, we are not bound by its holding that no material facts are in dispute. Rather, we must make an independent determination as to whether the standards for summary judgment have been met. *Vas–Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1560, 19 USPQ2d 1111, 1114 (Fed.Cir.1991). Therefore, we must determine whether the district court improperly resolved any genuine issues of material fact and whether Intellicall is entitled to judgment as a matter of law.

## III.

## CLAIM INTERPRETATION

■ Claim interpretation is a question of law amenable to summary judgment, *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1579–80, 12 USPQ2d 1382, 1385–86 (Fed. Cir.1989), and disagreement over the meaning of a term within a claim does not necessarily create a *genuine* issue of material fact. *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797, 17 USPQ2d 1097, 1100 (Fed.Cir.1990). The terms in a claim are given their ordinary meaning to one of skill in the art unless it appears from the patent and file history that the

terms were used differently by the inventors. *Envirotech Corp. v. Al George, Inc.*, 730 F.2d 753, 759, 221 USPQ 473, 477 (Fed. Cir.1984). Thus, where a disputed term would be understood to have its ordinary meaning by one of skill in the art from the patent and its history, extrinsic evidence that the inventor may have subjectively intended a different meaning does not preclude summary judgment. In such instance, there is no *genuine* dispute respecting a material fact.

■ The district court found that the accused devices did not meet the limitation of claim 1 which reads:

> call cost register means, including a *digital display* for providing a substantially *instantaneous display* of cumulative call cost in dollars and cents. [Emphasis added.]

Phonometrics contends "digital display" encompasses machine readable as well as human readable "displays" and further contends "instantaneous display" requires only that a "digital display" be instantaneously provided to the memory of a machine. To support this interpretation Phonometrics points to the testimony of the inventors and their attorney, the language used in other patents, and the principle of claim differentiation.

The district court held this evidence did not create a genuine issue respecting claim interpretation, relying on the expert testimony of Intellicall's witness that to one of skill in the art the language describes a device that visually conveys the cost of a call to a human being as the information is being collected. The specification fully supports the district court's interpretation both in function and in structure. Conversely, the patent does not support Phonometrics' interpretation, an interpretation which Phonometrics concedes does not give the terms their ordinary meaning.

■ Phonometrics first argues that an inventor may be his own lexicographer.

While true as an abstract proposition, that truism has no application in the present case. Where an inventor chooses to be his own lexicographer and to give terms uncommon meanings, he must set out his uncommon definition in some manner within the patent disclosure. *See Lear Siegler, Inc. v. Aeroquip Corp.*, 733 F.2d 881, 889, 221 USPQ 1025, 1031 (Fed.Cir.1984). In *Lear* we stated that:

> So long as the meaning of an expression is made reasonably clear and its use is consistent within a patent disclosure, an inventor is permitted to define the terms of his claims. Nevertheless, the place to do so is in the specification of the inventor's application, and the time to do so is prior to that application acquiring its own independent life as a technical disclosure through its issuance as a United States patent. The litigation-induced pronouncements of [the inventor], coming nearly at the end of the term of his patent, have no effect on what the words of that document in fact do convey and have conveyed during its term to the public.

*Id.* (citation omitted); *Jurgens v. McKasy*, 927 F.2d 1552, 1561, 18 USPQ2d 1031, 1038 (Fed.Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 281, 116 L.Ed.2d 232 (1991) ("neither the specification nor the prosecution history indicate that [the inventor] intended another meaning"); *see also Jonsson v. Stanley Works*, 903 F.2d 812, 820, 14 USPQ2d 1863, 1871 (Fed.Cir.1990) ("[w]ords in a claim ... given their ordinary and accustomed meaning" (citing, *inter alia, Chicago Steel Foundry Co. v. Burnside Steel Foundry Co.*, 132 F.2d 812, 814–15, 56 USPQ 283, 286 (7th Cir.1943))). The inventors here assert at most a secretly held intended meaning.

The district court properly focused on the evidence of what the words, as used in the context of the patent, would mean to one of skill in the art and found no support for a construction of "digital display" which would encompass either machine readable or human readable devices, nor for a construction that an "instantaneous [digital] display" includes information given to a computer for later access.[1] We agree.

Phonometrics' evidence does not raise a genuine issue of material fact: (1) the testimony of the inventors and their attorney as to their intended usage does not negate the meaning conveyed to one of ordinary skill in the art from reading the patent; (2) none of the patents presented by Phonometrics mention a "digital display" and, while two of the patents modify the term "display" with the term "visual," they do not require or even suggest that a "digital display" is anything but a *visual* display; and (3) the use of "readout means" in claim 7 does not preclude a "digital display means" from being *visual* under the doctrine of claim differentiation.[2]

The district court correctly interpreted the scope of the '463 claims. No genuine issue of material fact exists as to claim interpretation to preclude summary judgment and, therefore, the district court's correct interpretation stands.

## IV.

## INFRINGEMENT

### A. Literal Infringement

■ Under 35 U.S.C. § 112, ¶ 6, to satisfy a means-plus-function limitation literally, the accused device must perform the identical function required by the limitation and must incorporate the structure disclosed in the specification, or its substantial

---

1. In some instances, the district court stated that the display was "to the caller." Appellant asserts that the court thereby added a limitation to the claim. If this was an error, and we are not persuaded that the court intended to so restrict the claim when the restriction was not necessary to its discussion, the error would be harmless. The claim does not, in any event, encompass machine readable information.

2. Phonometrics improperly relied on a deposition of its expert not of record. Substitute counsel admitted this error. However, the expert's statement that "readout" is a term limited to human readable form is not on point in any event.

structural equivalent, as the means for performing that function. *Johnston,* 885 F.2d at 1580, 12 USPQ2d at 1387. Phonometrics' charge of literal infringement fails because Intellicall's telephones do not perform the identical function required by the means-plus-function limitation of claim 1 in that they do not provide an instantaneous digital display of cumulative call cost in dollars and cents.[3]

Using Phonometrics' own descriptions of the accused devices, it is clear that the Intellicall telephones do not perform the function required by claim 1's means-plus-function limitation: non-window phones do not provide any digital display and window phones (with or without the Intellistar system) display decrementing time information not cumulative call cost in dollars and cents as literally required by the claim. As a matter of law, under the proper claim interpretation, there is no literal infringement. *See Jurgens v. McKasy, supra.*

### B. Infringement Under the Doctrine of Equivalents

■ Phonometrics argues that the accused devices are equivalent overall to the claimed invention. That view of the doctrine of equivalents was rejected in *Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 933–34, 4 USPQ2d 1737, 1738–39 (Fed.Cir.1987), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1226, 99 L.Ed.2d 426, 485 U.S. 1009, 108 S.Ct. 1474, 99 L.Ed.2d 703 (1988). As this court has *repeatedly* stated, infringement requires that *every limitation* of a claim be met literally or by a substantial equivalent. *Key Mfg. Group, Inc. v. Microdot, Inc.,* 925 F.2d 1444, 1449, 17 USPQ2d 1806, 1810 (Fed.Cir.1991); *Johnston,* 885 F.2d at 1577, 12 USPQ2d at 1384; *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.,* 868 F.2d 1251, 1259, 9 USPQ2d 1962, 1967 (Fed.Cir.1989); *ZMI v.*

*Cardiac Resuscitator Corp.,* 844 F.2d 1576, 1582, 6 USPQ2d 1557, 1562 (Fed.Cir. 1988); *Uniroyal Inc. v. Rudkin–Wiley Corp.,* 837 F.2d 1044, 1054, 5 USPQ2d 1434, 1441 (Fed.Cir.), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988).

■ Phonometrics produced no evidence to establish that the limitations of claim 1 which were not met literally were met equivalently. Instead, Phonometrics argues that as non-movant on the non-infringement issue, it had no duty to submit evidence with respect to infringement under the doctrine of equivalents. This is legally incorrect. A movant may prevail by pointing out the "absence of evidence to support the nonmoving party's case" with respect to an issue on which the nonmovant bears the burden. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). As the United States Supreme Court stated therein:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element [*i.e.,* factor] essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552. Here, Phonometrics produced no evidence of the equivalency of the function performed by the Intellicall telephones to the function required by the means-plus-function limitation in claim 1. Such proof was an essential part of Phonometrics' case on which Phonometrics would bear the burden of proof at trial. *See Datascope Corp. v. SMEC, Inc.,* 776 F.2d 320, 325, 227 USPQ 838, 842 (Fed.Cir.1985). Thus, in light of *Celotex,* the district court properly granted Intellicall's motion for summary judgment of non-infringement under the doctrine of equivalents.

---

**3.** We need not reach the issue not relied on by the district court that Phonometrics provided no evidence of the structural equivalence of the Intellicall phones as required by § 112, ¶ 6, even assuming the identical functions were performed.

V.

CONCLUSION

The district court did not resolve any genuine issues of material fact and did not commit any errors of law in granting Intel-licall's motion for summary judgment. Accordingly, the district court's decision is

AFFIRMED.