6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 CODE-ALARM, INC., Plaintiff-Appellee,
v.
ELECTROMOTIVE TECHNOLOGIES CORPORATION, Defendant-Appellant.
 No. 92-1537.
 United States Court of Appeals, Federal Circuit.
 Sept. 2, 1993.
Rehearing Denied Oct. 7, 1993.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, MAYER, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Plaintiff, Code-Alarm, Inc. (Code Alarm), filed this lawsuit seeking a declaratory judgment of invalidity and non-infringement of U.S. Patent No. 4,584,569 and Reexamination Certificate B1 4,484,569 ('569 patent), against defendant, Electromotive Technologies Corporation (ETC), in the United States District Court for the Eastern District of Michigan, Southern Division. The district court found the '569 patent, on a sensor device for the prevention of theft, not invalid and not infringed. ETC appeals from the district court's August 5, 1992 judgment of non-infringement. We reverse and remand for calculation of damages and consideration of ETC's request for an injunction.
 
 DISCUSSION
 
 2
 The '569 patent claims a motion sensor for use in a security system such as a car theft alarm. The sensor is comprised of a magnet and a coil mounted relative to each other such that either the magnet or the coil is held in a fixed position while the other is suspended so that it can move relative to the fixed one in recited directions. For purposes of this opinion, the coil is considered to be fixed and the magnet movably suspended. The movement of the magnet relative to the coil induces a potential in the coil resulting in a signal that sets off the alarm. Claim 1 of the '569 patent reads as follows:
 
 1. In a security system:
 
 3
 a motion sensor comprising a magnet and a coil disposed in the field of the magnet, one of the magnet and coil being fixed and the other being moveable relative to the fixed one in the direction toward and away therefrom in a first plane, and being moveable relative to the fixed one in a perpendicular plane perpendicular to said first plane and parallel to the plane containing said fixed one, and being moveable rotatably about an axis extending substantially along the intersection of said first plane and said perpendicular plane. [Emphasis ours.]
 
 
 4
 Code Alarm markets a sensor which ETC alleges infringes claim 1 of the '569 patent[1]. The accused device contains a fixed coil and a cylindrical magnet supported next to it by two resilient O-rings which are tied to the magnet and looped about support posts. The magnet is positioned so that its axis is coincident with the axis of the coil. Code Alarm concedes that its sensor meets all but one of the limitations of claim 1 but contends that the magnet is not "moveable rotatably" about an axis. Code Alarm argues that the claim language "moveable rotatably" requires the magnet to rotate at least one revolution about the axis.[2]
 
 
 5
 The district court held that claim 1 is not literally infringed by Code Alarm's sensor because the suspended magnet does not "have the freedom to rotate about an axis." ETC argues on appeal that the trial court either erred as a matter of law by interpreting the claim language "moveable rotatably" to require the magnet to rotate more than the 2 degrees it does rotate in Code's device, or was clearly erroneous in finding that the Code Alarm magnet does not rotate to any degree about the axis.
 
 
 6
 In order to determine whether Code Alarm's sensor infringes, the court must make a two step analysis: first, the claims must be properly construed to determine their scope and, second, the court must determine whether the properly interpreted claims encompass the accused structure. Read Corp. v. Portec, Inc., 970 F.2d 816, 821, 23 USPQ2d 1426, 1431 (Fed.Cir.1992); LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n, 867 F.2d 1572, 1574, 9 USPQ2d 1995, 1997 (Fed.Cir.1989). A claim covers or "reads on" an accused device if the device embodies every limitation of the claim, either literally or by a substantial equivalent. Read, 970 F.2d at 822, 23 USPQ2d at 1431.
 
 
 7
 Claim construction is a question of law which we review de novo. See ZMI Corp. v. Cardiac Resuscitator Corp., 844 F.2d 1576, 1578, 6 USPQ2d 1557, 1559 (Fed.Cir.1988); Johnston v. IVAC Corp., 885 F.2d 1574, 1579, 12 USPQ2d 1382, 1385 (Fed.Cir.1989). "In defining the meaning of key terms in a claim, reference may be had to the specification, the prosecution history, prior art, and other claims." Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthpaedics, Inc., 976 F.2d 1559, 1556, 24 USPQ2d 1321, 1327 (Fed.Cir.1992). Moreover, the words of a claim are generally given their ordinary and accustomed meaning, unless it appears from the specification or the file history that they were used differently by the inventor. See Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1387, 21 USPQ2d 1383, 1386 (Fed.Cir.1992).
 
 
 8
 Claim 1 recites that the magnet is "moveable rotatably" about an axis. The plain meaning of this term is that the magnet is capable of moving in a circular direction about a defined axis. Neither the term "moveable rotatably", nor any part of the claim, specifies that the movement must be greater than some threshold value in order to be encompassed by the term.
 
 
 9
 On the contrary, the specification suggests that the term was intended to include rotational movements far less than 180 degrees. The specification states that a voltage will be induced in the coil if the magnet "tilts" relative to the axis of the coil. This teaching makes it apparent that the sensor will be operable with even minimal rotational movement of the magnet so long as the magnetic lines of force cut the coil to produce the desired potential.
 
 
 10
 Code Alarm attempts to rely on the prosecution history to support its interpretation of the claim. Code Alarm argues that claim 1 was rejected in a reexamination proceeding in light of three references directed toward sensors utilizing pendant type suspensions for a magnet which allow the magnet to rotate up to 180 degrees. Since the suspension and housing in the '569 patent allow for rotation of the magnet in excess of 180 degrees, Code Alarm argues that this concept must be the principal basis for the allowance of the claim. Therefore, Code Alarm argues, the term "movable rotatably" requires the magnet to rotate in excess of 180 degrees. This argument is overly simplistic and not supported by the record.
 
 
 11
 Code Alarm correctly notes that claim 1 was rejected in a reexamination proceeding in light of three references. However, after reviewing the references in connection with an interview with the inventor, the examiner reversed his position and allowed claim 1, stating as his reason:
 
 
 12
 As pointed out in the interview of February 7, 1990, and the amendment filed March 15, 1990, the prior art does not disclose a sensor capable of all these planes of motion, and the provision of such is of significance in that it allows the sensor to function in any position, thus increasing its versatility and ease of installation.
 
 
 13
 Thus, the examiner distinguished the claimed invention from the prior art based on the sensor's ability to move in the various planes of motion and to function in any position. There is nothing in the examiner's statement that quantifies the term "moveable rotatably." Moreover, the limitation "moveable rotatably" was recited in the originally filed claims and was not inserted by ETC in order to avoid a prior art reference. Finally, no arguments were made before the patent examiner that "movable rotatably" required that the magnet exhibit a greater degree of rotation than did any of the prior art.
 
 
 14
 We now address whether claim 1, as properly construed, has been infringed. The burden is on ETC to prove infringement by a preponderance of the evidence. Smithkline Diagnostics, Inc. v. Helena Labs. Corp., 859 F.2d 878, 889, 8 USPQ2d 1468, 1477 (Fed.Cir.1988). Infringement is a question of fact which we review under the clearly erroneous standard. Windsurfing Int'l, Inc. v. AMF Inc., 782 F.2d 995, 1000-01, 228 USPQ 562, 566 (Fed.Cir.1986).
 
 
 15
 The district court held that the accused device does not infringe because the magnet does not have the freedom to rotate, and does not rotate about an axis. These findings are clearly erroneous. The evidence proffered on Code Alarms' sensor establishes that the magnet rotates at least 1 to 2 degrees about an axis. Code Alarm does not dispute this fact. Code Alarm's expert testified that, after discussing the movement of the magnet with a Code Alarm engineer,
 
 
 16
 [w]e determined--we agreed that it [movement of the magnet] is in a thousands of an inch, and as far as any kind of rotation, we're talking perhaps one degree, two degrees at most in a violent confrontation." [Emphasis ours.]
 
 
 17
 This testimony also conforms to statements made in Code Alarm's trial brief:
 
 
 18
 Claim 1 of the ETC patented unit suggests the suspension is rotatable about an axis to a substantial degree. The Code unit is rotatable only 1 or 2 degrees. [Emphasis ours.]
 
 
 19
 In view of this evidence, the district court's factual conclusions that the magnet in the Code Alarm device is not free to rotate, and that it does not rotate about an axis, is clearly erroneous.
 
 
 20
 Accordingly, the district court's judgment of non-infringement is reversed, the Code Alarm sensor is held to infringe the '569 patent, and the case is remanded for calculation of damages and a ruling on ETC's application for an injunction.
 
 
 
 [1]
 ETC alleges that Code Alarm infringes claims 1-3 and 12-13 of the '569 patent. However, since claims 2-3 and 12-13 depend from claim 1, this opinion need address only claim 1 in its infringement analysis
 
 
 [2]
 Code Alarm is somewhat ambiguous as to whether it is arguing that the term "moveable rotatably" requires a minimum rotation of 180 degrees or 360 degrees. In either case, Code Alarm's attempt to read a minimum value into the claim is rejected