**HUYCK LICENSCO, INC., Weavexx Corporation, Plaintiffs,**

v.

**ASTEN GROUP, INC., and Asten Forming Fabrics, Inc., Defendants.**

**Civ. A. No. 93–427–RRM.**

United States District Court, D. Delaware.

Jan. 12, 1994.

Thomas C. Grimm, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Anthony M. Lorusso, Lorusso & Loud, Boston, MA, for plaintiffs.

George H. Seitz, III, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, DE, Anthony S. Volpe, Randolph J. Huis, Volpe and Koenig, Philadelphia, PA, for defendants.

MEMORANDUM OPINION

McKELVIE, District Judge.

In this patent case, the plaintiffs, manufacturers of a fabric used in papermaking, allege that the defendants have manufactured and sold a papermaking fabric which infringes U.S. Patent No. 5,052,448. This patent is owned by Huyck Licensco, Inc., and Weavexx Corporation is the sole licensee. Asten Forming Fabrics, Inc. has moved for summary judgment on the ground that its fabrics do not infringe the plaintiffs' patent. The motion has been fully briefed, and the Court heard oral arguments on January 3, 1994.

The plaintiffs' invention is a fabric which forms an endless belt. The fabric is composed of two layers: a lower layer of relatively coarse yarn that acts as a drive belt, and an upper layer of relatively fine yarn which provides a surface upon which paper web is formed from paper stock. Each layer is composed of machine direction yarns ("MD yarns"), and cross machine direction yarns ("CMD yarns"). MD yarns travel lengthwise along the belt. CMD yarns travel perpendi-

cular to the MD yarns. Docket Item ("D.I.") 70, E–187, Column 1. The two layers are bound together by selected CMD yarns from the upper layer which dive down and engage selected MD yarns from the bottom layer. The layers bind to each other without the use of additional binding thread. *Id.*, E–189, Column 5.

Claim one of the patent reads as follows: "1. An endless papermaking fabric comprising:

a top fabric layer including relatively fine machine

direction yarns interwoven with relatively fine cross machine direction yarns in a repeating pattern *to form an upper surface and a lower surface,* **the top fabric layer cross machine direction yarns including alternately stitching and non-stitching cross machine direction yarns;**

a bottom fabric layer including relatively coarse machine

direction yarns interwoven with relatively coarse cross machine direction yarns in a repeating pattern to form an upper surface and a lower surface;

the number of the relatively fine top fabric layer cross

machine direction yarns being approximately twice that of the relatively coarse bottom fabric layer cross machine direction yarns;

wherein said top fabric layer cross machine direction yarns

travel singly and engage selected machine direction yarns of the bottom fabric layer other than said selected machine directed yarns to bind the fabric layers together."

*Id.*, E–191, Column 10 (emphasis added).

The parties dispute the meaning of the words, "stitching and non-stitching cross machine direction yarns." Claim eight, the only independent claim of the '448 patent other than claim one, also contains these words. *Id.* The plaintiffs argue that a stitching CMD yarn is an upper layer CMD yarn which is "in the proper physical alignment to be capable of stitching." D.I. 57, p. 12. Asten Forming argues that a stitching CMD yarn is an upper layer CMD yarn which actually stitches with a lower layer MD yarn.

■ "The terms in a claim are given their ordinary meaning to one of skill in the art unless it appears from the patent and file history that the terms were used differently by the inventors." *Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384, 1387 (Fed.Cir. 1992). When interpreting a claim, "it is necessary to examine closely the language of the claim, the specification, and the prosecution history." *Lemelson v. General Mills, Inc.,* 968 F.2d 1202, 1206 (Fed.Cir.1992); *accord Read Corp. v. Portec, Inc.,* 970 F.2d 816, 823 (Fed.Cir.1992).

■ A Court may interpret a claim without the aid of a jury where the meaning of the claim is unambiguous. *Cf. Read v. Portec,* 970 F.2d at 822 ("claim interpretation is a question of law for the court") with *Tol–O–Matic v. Proma Produkt–Und Marketing,* 945 F.2d 1546, 1550 (Fed.Cir.1991) (claim interpretation is a jury question where "the meaning of a term in a patent claim is unclear, subject to varying interpretations, or ambiguous"). The Court holds that the meaning of the disputed terms of the patent in issue is clear and unambiguous, and does not present a genuine, material issue.

A non-stitching CMD yarn is a CMD yarn in the upper layer which generally is stacked directly over a CMD yarn in the lower layer. D.I. 70, E–190, Column 7, lines 3–10; D.I. 70, E–112. Because of this configuration, non-stitching yarns do not and cannot stitch with a lower layer MD yarn. D.I. 70, E–90. A stitching CMD yarn is a CMD yarn in the upper layer which is capable of stitching with a MD yarn in the lower layer. Despite the defendants' argument, a stitching yarn need not actually be used to stitch.

This interpretation has ample support in the body of the patent. The patent describes certain points in the fabric as "self-stitching points." The patent repeatedly states that a manufacturer could choose to use all or a subset of these points. "[M]ore or fewer self-stitching points could be utilized, provided they meet the ideal location criteria, depending upon the overall papermaking and structural requirements of the final compos-

ite forming fabric product." D.I. 70, E–190, Column 8, lines 20–24; *see also Id.* at Column 6, lines 53–62; Column 7, lines 46–50; Column 8, lines 20–24; Column 9, lines 38–41. These passages suggest that the invention is not limited to fabrics in which all non-stacking upper layer CMD yarns stitch to the lower layer.

The prosecution history also supports the Court's interpretation of the patent. In the first "Amendment and Response," the applicant, William Givin, made the clearest statement in the file wrapper on the question of whether a stitching CMD yarn is always used to stitch the two layers together. He stated that "although Figure 6c shows a stitching cross machine direction yarn 14 (i.e., where it is not stacked over a cross machine direction yarn), all yarns which are similarly unstacked need not be stitchers notwithstanding the fact that they have the potential to be selected as such by the fabric designer." D.I. 70, E–91. Thus, a stitching CMD yarn need not be a "stitcher," and therefore an upper layer CMD yarn with the potential to be a stitcher is a "stitching cross machine yarn."

Asten Forming argues that its interpretation of the claim is correct because one of its employees states in an affidavit that certain fabrics were not fabrics "having a top fabric layer and a bottom fabric layer in which the top fabric layer machine direction [sic] yarns include alternatively stitching and non-stitching cross machine direction yarns." D.I. 69, pp. 11–12. Asten Forming's argument is unpersuasive as the quoted language does not clarify the meaning of the disputed terms.

Asten Forming also argues that its interpretation is supported by the following language in the patent:

"... As described in lines 13–16 on page 7 of this specification, only selected top fabric layer cross machine direction yarns will descend to the bottom fabric layer and wrap around certain bottom fabric layer machine direction yarns to bind the two fabric layers together. *Those selected cross machine direction yarns which descend ('stitchers') alternate with cross machine direction yarns which do not descend ('non-stitchers').*"

D.I. 70, E–190, Column 7, lines 13–21 (emphasis added).

From the context of other clauses in the patent, and from the above quoted language from the file wrapper at E–91, it is clear that the above lines cited by Asten Forming refer to a preferred embodiment of the invention, and do not limit the invention. While a "stitcher" actually stitches the two layers together, a "stitching cross machine direction yard" need not.

Asten Forming points out that in the first examiner's action, the patent examiner rejected the claims on the ground that "the number of interlacing points between the two layers is nothing more than choice." D.I. 70, E–52. This argument is also unpersuasive. The response, D.I. 70, E–94, taken either alone or in context with the previously quoted language from the file wrapper at page E–91, clearly shows that a stitching CMD yarn is a CMD yarn that can potentially stitch to a lower level MD yarn, regardless of whether the stitching yarn is actually used to do so.

The Court's analysis of the patent claims does not resolve the question of infringement. "In order to determine a question of patent infringement, a district court must (1) determine as a matter of law the scope and meaning of the claims at issue and (2) determine as a factual matter whether the properly construed claims encompass or 'read on' the accused device." *Vaupel Textilmaschinen v. Meccanica Euro Italia,* 944 F.2d 870, 879 (Fed.Cir.1991). Discovery is not yet complete, and the parties have not had a full opportunity to develop facts relevant to the question of infringement. Therefore, at this time the Court is unable to determine as a matter of law that the properly construed claims of the '448 patent do not encompass the accused device.

Asten Forming's motion for summary judgment will therefore be denied. The Court will enter an Order in accordance with this Memorandum Opinion.