79 F.3d 1166
 39 U.S.P.Q.2d 1062
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ETHICON ENDO-SURGERY and Ethicon, Inc., Plaintiffs-Appellants,
v.
RICHARD-ALLAN MEDICAL INDUSTRIES, INC., Defendant-Appellee.
 No. 95-1388.
 United States Court of Appeals, Federal Circuit.
 March 4, 1996.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 This case involves the validity of claim 36 of U.S. Patent No. 5,171,249 (the '249 patent). The claim concerns an endoscopic-clip applier. Plaintiffs-appellants Ethicon Endo-Surgery and Ethicon, Inc. ("Ethicon") brought a patent-infringement suit against defendant-appellee Richard-Allan Medical Industries, Inc. ("Richard-Allan"). The United States District Court for the Southern District of Ohio summarily judged Claim 36 as obvious under 35 U.S.C. § 103. Ethicon Endo-Surgery and Ethicon, Inc. v. Richard-Allan Medical Industries, Inc., 885 F.Supp. 1073, 1079 (S.D.Ohio 1995). Because we agree with the district court that claim 36 is invalid as obvious over the prior art, summary judgment is affirmed.
 
 DISCUSSION
 
 2
 We will uphold a summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1560, 19 USPQ2d 1111, 1114 (Fed.Cir.1991). When making this determination, the evidence must be viewed in the light most favorable to the nonmoving party. Ackickes v. S.H. Kress, 398 U.S. 144 (1970). In this case, there is no genuine issue as to any material fact. Upholding the district court's summary judgment turns on whether, under a proper construction of Claim 36, Richard-Allan is entitled to judgment as a matter of law.
 
 
 3
 In responding to Richard-Allan's motion for summary judgment, Ethicon asserted that Claim 36 of the '249 patent must be construed to include dimensional limits on the surgical clips and trocar cannula. Indeed, Ethicon admits that without such limitations, Claim 36 would be unpatentable for obviousness. Ethicon, 885 F.Supp. at 1076. Therefore, on appeal, this court must determine whether Claim 36 includes dimensional limits on the surgical clips and trocar cannula.
 
 
 4
 Claim terms are given their ordinary meaning to one skilled in the art unless it appears from the patent and prosecution history that the terms were used differently by the inventors. Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1387, 21 USPQ2d 1383, 1386 (Fed.Cir.1992). In this case, the claims specified that the trocar used to practice the invention was of a "given internal diameter." The patentee now argues that one skilled in the art would understand the phrase "given internal diameter" to be limited to 10/11 millimeters; he asks us to accept that construction in order to avoid undisclosed prior art. We cannot do that. Neither can we accept the patentee's equally unsupported position that the phrase "endoscopic multiple applier" is limited to a clip applier that applies medium/large size clips. This meaning is unsupported by the claims, specification and prosecution history. Nowhere in the claims, specifications or the prosecution history was there any elaboration of size encompassed within those phrases. Furthermore, Ethicon submits no substantial extrinsic evidence to support its position.
 
 
 5
 We understand the tension between, on the one hand, drafting a claim as broadly as possible and, on the other hand, limiting the claim's breadth so that the claim is valid. In this case, Claim 36 of the '249 patent is drafted so broadly as to cover the prior art, making the claim invalid. The fact that the Patent and Trademark Office ("PTO") granted the patent does not undercut the claim's obviousness. The PTO was not informed of U.S. Surgical's "Long Surgiclip" and, had they been aware, they might well have reached the same conclusion.
 
 
 6
 Under a proper construction of the claim language in this case, Claim 36 of the '249 patent is invalid as obvious. Therefore, the district court's grant of summary judgment is affirmed.