99 F.3d 1159
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. LEHMAN, Plaintiff-Appellant,
v.
DUNHAM'S ATHLEISURE Corporation, Defendant-Appellee,
and
C.N. Is Believing, Inc., Cross-Defendant-Appellee.
 No. 96-1381.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1996.
 
 Before NEWMAN, MAYER, and CLEVENGER, Circuit Judges.
 
 PER CURIAM
 
 1
 James A. Lehman (Lehman), owner of United States Patent 4,134,229 (the '229 patent), appeals from a grant of summary judgment by the United States District Court for the Eastern District of Wisconsin declaring that Dunham's Athleisure Corporation (Dunham's) and C.N. Is Believing, Inc. (CNIB) (hereinafter "defendants" collectively) had not infringed the '229 patent. We affirm.
 
 
 2
 * The '229 patent relates to a flying saucer toy with a light bulb powered by a battery, providing increased illumination for playing at night. The patent explains the background of the invention ('229 patent, col. 1, lines 9-17):
 
 
 3
 A flying saucer toy has been produced of a plastic that is phosphorescent so that it may be tossed after dark, which is a significant improvement in the game inasmuch as beach parties and the like often carry on after dark, and it is at this type of function particularly that the saucers are used. The saucer, although a definite improvement for night use, still does not radiate enough light energy to provide night playing with the ease of day playing.
 
 
 4
 Claim 1, the only independent claim of the '229 patent, defines the invention as follows:[1]
 
 
 5
 1. An illuminated hand-tossed flying saucer toy comprising: a saucer shaped body;
 
 
 6
 an illumination plant centrally mounted to the underside of said body,
 
 
 7
 said illumination plant comprising
 
 
 8
 battery means,
 
 
 9
 lamp means,
 
 
 10
 clamp means spanning the length of said battery means, said clamp means has physical contact with one end of said battery means and includes a socket at its other end for holding said lamp means in physical contact with said battery means causing said lamp to illuminate,
 
 
 11
 said illumination plant further includes a light-transmitting cover for enclosing said illumination plant;
 
 
 12
 said body has a downcurved peripheral lip to provide for gripping and lift, and
 
 
 13
 said illumination plant extends below said lip to provide said flying saucer toy with increased airborn [sic] stability and to support said toy asymmetrically on the ground to facilitate quick pickups during play.
 
 
 14
 Thus, the '229 patent claims a saucer with a light bulb powered by a battery, and the battery housing is positioned to extend below the rim of the saucer so as to cause the saucer to rest on the ground at an angle. This "asymmetrical" resting on the ground makes it easier for a player to pick up the saucer with one hand, and also allows a dog to fetch the saucer more easily ('229 patent, col. 2, lines 34-41).
 
 
 15
 Lehman alleges that the Nitelite Flying Orbiter and the Nitelite Spacedisc that are manufactured and sold by the defendants infringe his '229 patent. The present appeal centers around claim construction of the following limitations: "battery means," "lamp means," and "said illumination plant extends below said lip to provide said flying saucer toy with increased airborn [sic] stability and to support said toy asymmetrically on the ground to facilitate quick pickups during play." Upon CNIB's motion for summary judgment, the district court held that these limitations are not found in the accused products, either literally or under the doctrine of equivalents. Accordingly, the district court granted CNIB's summary judgment motion and dismissed the action. Lehman appealed. In addition to contesting the district court's grant of summary judgment, Lehman asserts that the district court unfairly denied him any substantive discovery.
 
 II
 
 16
 The grant of a summary judgment motion under Fed.R.Civ.P. 56 is as appropriate in a patent case as in other cases, where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 835, 221 USPQ 561, 564 (Fed.Cir.1984). We review the district court's grant of summary judgment de novo. See Hoganas AB v. Dresser Indus., Inc., 9 F.3d 948, 950, 28 USPQ2d 1936, 1938 (Fed.Cir.1993).
 
 III
 
 17
 The district court held that the "battery means" and "lamp means" limitations of claim 1 are "means" limitations that are subject to 35 U.S.C. § 112, para. 6 (1994). That was error. Paragraph six states:
 
 
 18
 An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.
 
 
 19
 35 U.S.C. § 112, para. 6 (1994) (emphasis added).
 
 
 20
 Here, the limitations in issue recite structure--battery and lamp--and not functions. A battery and a lamp are not functions, and the addition of the word "means" does not convert the structure to a means or a step for performing a specific function. Consequently, the limitations fail the test of § 112, para. 6, and must be construed as ordinary limitations. The district court thus erred in thinking the limitations to be governed by § 112, para. 6.
 
 
 21
 That error, however, is harmless. The "battery means" and "lamp means" limitations, when construed in light of the specification, refer to a light bulb powered by a battery ('229 patent, col. 1, lines 20-24, 61-62). As the district court properly found, the accused products use a chemiluminescent light instead. A chemiluminescent light does not require a battery to operate. The chemiluminescent light in the accused products results from a chemical reaction between chemical materials (chemiluminescent glow sticks and glow buttons) that generates light for a limited time. No electrical current is generated. On the other hand, the patent claims a lamp that is powered by an electrical current generated by the battery. Thus, the battery means and lamp means limitations are not met, and the accused products do not infringe the patent literally.
 
 
 22
 Neither is there infringement under the doctrine of equivalents. To prove infringement under the doctrine of equivalents, the patentee must show that the accused devices perform (1) substantially the same function, (2) in substantially the same way, and (3) to achieve substantially the same result, as the claimed invention. London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1538, 20 USPQ2d 1456, 1458 (Fed.Cir.1991).
 
 
 23
 Here, the claimed invention and the accused products generate the light in very different ways with different results. Generating light through chemiluminescence generally makes the saucer lighter because the battery is not needed. Also, no mechanical connections between the lamp and the battery are necessary, making it a sturdier construction. However, once the chemical reaction starts, chemiluminescence cannot be stopped. In a battery-operated lamp, on the other hand, a simple switch may be employed to turn off the lamp light (see '229 patent, col. 2, lines 6-11). Accordingly, the district court did not err in holding noninfringement under the doctrine of equivalents with respect to the battery means and lamp means limitations.
 
 
 24
 In addition to the battery and lamp limitations, the district court found that the accused products do not have an illumination plant that extends below the lip of the saucer, as required by the patent. As explained earlier, this extension below the lip of the saucer in the patented invention provides increased airborne stability and facilitates quick pickups during play. The district court's finding is amply supported by the record below including the affidavits submitted in support of CNIB's motion for summary judgment. Lehman produced little evidence to show otherwise. We are also not persuaded by Lehman's arguments that the accused saucers, when misassembled or when warped through age, would rest asymmetrically. We find no error in the district court's finding of noninfringement with respect to this claim limitation. See Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1389, 21 USPQ2d 1383, 1388 (Fed.Cir.1992) (stating that in a summary judgment motion, the accused infringer may prevail by pointing out the absence of evidence to support the patentee's case with respect to an infringement issue on which the patentee bears the burden).
 
 IV
 
 25
 Lehman's assertion that the district court unfairly denied any substantive discovery to him is also to no avail. No amount of discovery here would have saved this case from summary adjudication. Summary judgment at this stage of the proceedings was appropriate.
 
 
 26
 Defendants' request for sanctions against Lehman is denied.
 
 
 
 [1]
 It is well-established that a dependent claim cannot be infringed unless an accused device also infringes the independent claim. Teledyne McCormick Selph v. United States, 558 F.2d 1000, 1004, 195 USPQ 261, 264 (Ct.Cl.1977). Because we hold that the only independent claim of the patent in suit is not infringed, we need not consider the dependent claims here