MKS INSTRUMENTS, INC. and Applied Science and Technology, Inc., Plaintiffs,

v.

ADVANCED ENERGY INDUSTRIES, INC., Defendant.

No. CIV.A. 03–469 JJF.

United States District Court, D. Delaware.

July 16, 2004.

See also 303 F.Supp.2d 510.

Melanie K. Sharp, Esquire of Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Of Counsel: Steven M. Bauer, Esquire of Proskauer Rose, LLP, Boston, MA, for Plaintiffs MKS Instruments, Inc. and Applied Science and Technology, Inc.

Thomas C. Grimm, Esquire and Kristen M. Healey, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Of Counsel: Stephen P. Swinton, Esquire,

James P. Brogan, Esquire and Craig A. Neugeboren, Esquire of Cooley Godward, LLP, Broomfield, CO, for Defendant Advanced Energy Industries, Inc.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before me is the Motion For Partial Summary Judgment Of Non–Infringement Under The Doctrine Of Equivalents (D.I. 139) filed by Advanced Energy Industries, Inc. For the reasons discussed, the Motion will be granted.

## BACKGROUND

### I. General Background

Advanced Energy Industries, Inc. ("Advanced") and MKS both manufacture components used in semiconductor processing equipment. MKS alleges that Advanced infringes, both literally and under the doctrine of equivalents, U.S. Patent No. 6,150,628 (" '628 patent"), and several continuations or continuation-in-parts of the '628 patent: U.S. Patent Nos. 6,388,226 (" '226 patent"), 6,486,431 (" '431 patent"), 6,552,296 (" '296 patent"), and 6,559,408 (" '408 patent"). By its instant motion, Advanced seeks summary judgment against MKS's claims under the doctrine of equivalents.

### II. Parties' Contentions

Advanced contends that MKS has only produced conclusory allegations about the doctrine and has not offered expert testimony or other evidence supporting the doctrine's application. Advanced contends that this failure to supply expert opinion will prevent MKS from remedying its failure at trial because opinions offered by experts at trial must have been disclosed in an expert report, and the time for filing such reports has lapsed.

MKS contends that it should be allowed to pursue its allegations under the doctrine of equivalents. MKS contends that Advanced plans to defend against infringement by offering semantic argument related to slight differences between the accused device and a literal reading of the claim construction. For example, MKS contends that Advanced will argue that its gas mixing device does not "enhance" the interaction between the feed gas and the plasma as required by the corresponding claim. MKS contends that argument on the doctrine of equivalents is necessary to confront this defense.

MKS also contends that its failure to offer an expert report or opinion responsive to Advanced's defense was justified. MKS contends that the parties agreed not to file responses to rebuttal expert reports, and that it was in a rebuttal expert opinion that Advanced's intended defense became clear. MKS has indicated that it is willing to provide an expert report responsive to Advanced's defense, but that Advanced is already aware of the information that would be in this report.

## DISCUSSION

### I. Summary Judgment Legal Standards

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sander-*

*son Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence, the "court should give credence to the evidence favoring the non-movant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986))

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to show that there is more than "some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(c)). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. Discussion

■ To determine whether an accused device infringes under the doctrine of equivalents, a court examines whether the differences between the claimed invention and the accused device are insubstantial. *Dawn Equip. Co. v. Kentucky Farms, Inc.*, 140 F.3d 1009, 1015–16 (Fed.Cir. 1998). This inquiry generally involves determining whether "the element of the accused device at issue performs substantially the same function in substantially the same way, to achieve substantially the same result, as the limitation at issue in the claim." *Id.* at 1016 (describing the "function/way/result" inquiry).

■ Conclusory statements are not enough to sustain a claim of equivalence. *See Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1389 (Fed.Cir.1992). And, to demonstrate infringement under the doctrine of equivalents, "a patentee must . . . provide particularized testimony and linking argument as to the 'insubstantiality of the differences'" between the asserted patent and the accused product. *Texas Instruments Inc. v. Cypress Semiconductor, Corp.*, 90 F.3d 1558, 1567 (Fed. Cir.1996). Further, infringement by equivalence is not subsumed by literal infringement and, therefore, evidence of literal infringement, alone, does not establish infringement under the doctrine of equivalents. *See Id.; see also Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed.Cir. 1999) (holding that a genuine issue of material fact did not exist where the only evidence of infringement under the doctrine of equivalents was an expert's testimony that there was infringement by equivalence because there was literal infringement).

■ In response to Advanced's Motion, MKS has only pointed to evidence of literal infringement and argued that, by inference, this evidence also demonstrates infringement by equivalence. MKS contends that its experts will provide factual testimony indicating:

> that the Xstream product does not include an "impedance matching network" as this Court has defined the term, that the Xstream product has a gas mixing device, a dielectric spacer protected from the plasma by protrusions in the plasma chamber wall, and also operates for the primary purpose of use with process chambers.

(D.I. 159 at 3–4.) MKS contends that "the jury may find those facts form the basis of a doctrine of equivalents infringement

case, rather than literal infringement." (*Id.* at 4.)

However, MKS's evidence on literal infringement cannot meet its burden regarding the specific elements required for its claim of infringement under the doctrine of equivalents. *See Texas Instruments, Inc.,* 90 F.3d at 1567; *cf. Hewlett–Packard Co. v. Mustek Systems, Inc.,* 340 F.3d 1314 (Fed.Cir.2003) (holding that conclusory statements by an expert that an accused product had the same function, way, and result as the asserted claims fell far short of the evidentiary requirements under the doctrine of equivalents). "Summary judgment of noninfringement is... appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, because such failure will render all other facts immaterial." *TechSearch, L.L.C. v. Intel Corp.,* 286 F.3d 1360, 1369 (Fed.Cir.2002) (citing *London v. Carson Pirie Scott & Co.,* 946 F.2d 1534, 1537 (Fed.Cir.1991)). MKS has not offered evidence specifically demonstrating the insubstantiality of the differences between the claimed invention and the accused device, and therefore, summary judgment is appropriate.

Additionally, the contention by MKS that it failed to produce expert testimony on equivalence because it was honorably adhering to the parties' agreement is unpersuasive. This is, and has been, a contentious litigation by well-resourced opponents, and MKS must be accountable for its failure to produce evidence supporting its claim of infringement under the doctrine of equivalents.

Typically, when I find that no genuine issues of material fact exist, I order the filing of Answering and Reply Briefs. However, in the instant situation, I find that further briefing is unnecessary. I am granting Advanced's motion because MKS has not, on a timely basis, offered any evidence to support a claim of infringe-

ment under the doctrine of equivalents and it is too late to do so.

## CONCLUSION

For the reasons discussed, Advanced's Motion For Partial Summary Judgment Of Non–Infringement Under The Doctrine Of Equivalents will be granted.

An Order consistent with this Memorandum Opinion will be entered.

## *ORDER*

At Wilmington, this 16th day of July, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Advanced's Motion For Partial Summary Judgment Of Non–Infringement Under The Doctrine Of Equivalents (D.I. 139) is **GRANTED.**