31 F.3d 1177
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MICHAEL FOODS, INC. and North Carolina State University,
Plaintiffs-Appellees,
v.
PAPETTI'S HYGRADE EGG PRODUCTS, INC., Defendant-Appellant.
 No. 94-1064.
 United States Court of Appeals, Federal Circuit.
 July 20, 1994.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Sept 16, 1994.
 
 Before RICH, NEWMAN, and LOURIE, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Papetti's Hygrade Egg Products, Inc. ("Papetti") appeals from the grant of summary judgment by the United States District Court for the District of New Jersey in favor of Michael Foods, Inc. and North Carolina State University (collectively "Michael") in Michael's patent infringement action against Papetti. Michael Foods, Inc. v. Papetti Hygrade Egg Prods., Inc., No. 89-4645 (D.N.J. Sept. 21, 1993). Because the district court correctly determined that there were no genuine issues of material fact and that Michael was entitled to judgment as a matter of law, we affirm.
 
 DISCUSSION
 
 2
 On November 9, 1989, Michael sued Papetti for infringement of U.S. Patents 4,808,425, 4,957,759, 4,994,291, and 5,019,408, all entitled "Method for the Ultrapasteurization of Liquid Whole Egg Products."[1] Papetti counterclaimed for a declaratory judgment that Michael's patents were not infringed, were invalid either for obviousness or for anticipation, and were unenforceable due to inequitable conduct in the Patent and Trademark Office (PTO).[2]
 
 
 3
 Both parties moved for summary judgment, each submitting briefs and documents in support of their respective motions and each urging the district court that there were no genuine disputes as to any material facts and that the court could resolve all questions as a matter of law. Accordingly, the district court entered summary judgment in favor of Michael, holding that the patents were infringed and not invalid, and that Michael had not procured its patents through inequitable conduct. On appeal, Papetti argues that the district court's entry of summary judgment was erroneous because there are numerous issues of fact entitling Papetti to "its day in court."
 
 
 4
 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the district court's entry of summary judgment de novo, determining whether, based on the record before us, there is any genuine issue of material fact and whether Michael is entitled to judgment as a matter of law. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561, 7 USPQ2d 1548, 1551 (Fed.Cir.1988). In so doing, we view the evidence in a light most favorable to Papetti, the nonmoving party, and draw all reasonable inferences in its favor. Id. at 1560, 7 USPQ2d at 1550.
 
 
 5
 Papetti first argues that the issue of infringement was not appropriate for summary judgment because the underlying interpretation of the claim term "shelf-life" involves disputed issues of fact. This argument, however, is belied by Papetti's own motion for summary judgment of noninfringement, in which it urged that "summary judgment is precisely what is in order" because the only dispute is one of claim interpretation which is "a question of law for the [c]ourt to decide." Papetti was correct when it made its motion. "Claim interpretation is a question of law amenable to summary judgment and disagreement over the meaning of a term within a claim does not necessarily create a genuine issue of material fact." Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384, 1387, 21 USPQ2d 1383, 1386 (Fed.Cir.1992) (citation omitted). "Where, as here, no underlying fact issue must be resolved, claim interpretation is a question of law." Johnston v. IVAC Corp., 885 F.2d 1574, 1579, 12 USPQ2d 1382, 1385 (Fed.Cir.1989). The district court thus properly resolved the issue of claim interpretation as a matter of law. We discern no error in that interpretation and conclude that the court correctly entered summary judgment in favor of Michael on the issue of infringement based upon that interpretation.
 
 
 6
 Papetti next argues that the district court erred in rendering summary judgment on the issues of validity and inequitable conduct, asserting that factual issues exist which preclude summary judgment. Papetti, however, fails to recognize that factual issues must be "genuine" to make summary judgment inappropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[I]t is incumbent on the non-movant in a summary judgment proceeding to proffer countering evidence sufficient to create a genuine factual dispute." Octocom Sys., Inc. v. Houston Computer Serv., Inc., 918 F.2d 937, 940, 16 USPQ2d 1783, 1786 (Fed.Cir.1990). We agree with the district court that Papetti failed to carry its burden.
 
 
 7
 The district court held that the record evidence was insufficient to establish by clear and convincing evidence that the claims at issue were invalid. Respecting the issue of obviousness, the court concluded that the record could not support a finding that the claimed invention would have been obvious. In so holding, the court determined that Michael's evidence relating to the secondary considerations of nonobviousness was "compelling" and essentially uncontroverted.[3] On the issue of anticipation, the court concluded that Papetti failed to offer evidence sufficient to establish that each element of the claimed invention was disclosed in a single prior art reference. The court further determined that the record was devoid of evidence creating a genuine dispute regarding the inherency of the so-called "turbulence" limitation. Finally, the district court concluded that the record evidence was insufficient to establish that Michael had engaged in inequitable conduct before the PTO.
 
 
 8
 "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We have reviewed the record and conclude that the district court properly determined that Papetti failed to make a showing sufficient to sustain its burden of establishing by clear and convincing evidence that the patents were either invalid or unenforceable for inequitable conduct. The court thus correctly concluded that there were no genuine disputes as to facts material to those issues and that Michael was entitled to judgment as a matter of law. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 North Carolina State University owns the patents and Michael Foods is the exclusive licensee having the right to bring suit
 
 
 [2]
 For purposes of validity and infringement, only four claims from three of the patents are at issue: claim 15 of the '425 patent, claim 1 of the '759 patent, and claims 4 and 15 of the '408 patent. Claim 4 of the '408 patent illustrates the subject matter and reads as follows:
 
 
 [4]
 A method of ultrapasteurizing a liquid whole egg product, comprising passing the liquid whole egg product as a continuous stream through a pasteurizing apparatus, during which the liquid whole egg product is heated to a predetermined real temperature by contacting said liquid whole egg product to a heated surface while at least periodically subjecting said continuous stream of liquid whole egg product to turbulence, wherein the total thermal treatment received by the liquid whole egg product is described by an equivalent time and an equivalent temperature defining a point above the 5% SPL (BATCH) line of FIG. 3, but insufficient to cause said liquid whole egg product to coagulate, followed by aseptically packaging the liquid whole egg product to provide a package [sic] liquid whole egg product characterized by a refrigerated shelf life of about four weeks to about 36 weeks
 (Emphasis added).
 
 
 [3]
 We note that in a prior reissue proceeding, the PTO upheld the claims at issue as nonobvious over the same prior art presently relied upon by Papetti. The PTO determined that the claimed process was "neither disclosed nor suggested in the prior art and [that] the secondary considerations outweigh any prima facie case." Moreover, the PTO concluded that the claimed invention was "clearly a breakthrough" and a "revolutionary discovery [which] is exactly the type worthy of patent protection."