**Lawrence B. LOCKWOOD, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civ. No. 91–1640–E(CM).**

United States District Court,
S.D. California.

March 10, 1994.

Robert A. Taylor, Jr., Allan W. Jansen and Corrine M. Freeman of Lyon & Lyon, Costa Mesa, CA, and Douglas E. Olson of Lyon & Lyon, San Diego, CA, for plaintiff.

Don W. Martens, Joseph R. Re and Paul A. Stewart of Knobbe, Martens, Olson & Bear, Newport Beach, CA, Thomas L. Crisman of Johnson & Gibbs and R. Bruce Wark, Dallas, TX, for defendant.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

### BACKGROUND

Plaintiff Lockwood is moving for reconsideration of this court's July 30, 1993 order granting defendant's motion for summary judgment on non-infringement grounds, 834 F.Supp. 1246. In our lengthy July 30, 1993 decision this court held that as to both patents in issue, the '115 and '359 patents, no literal infringement had occurred. As to the applicability of the doctrine of equivalents to the two patents, this court held that the doctrine of equivalents should not apply because no facts presented supported an application of the doctrine and plaintiff was estopped to use the doctrine of equivalents under the doctrine of prosecution history estoppel. Under this doctrine a patentee may not rely on the doctrine of equivalents where the reliance would be inconsistent with amendments or arguments the patentee made before the patent examiner. (July 30, 1993 opinion, at page 1252).

On September 21, 1993, this court refused to enter a final judgment in the case as to the infringement issue, but rather kept the two remaining counterclaims of defendant American Airlines to be heard in the normal course. On January 11, 1994, this court granted the defendant's motion to strike plaintiff's jury demand and granted defendant's request to file a second amended answer. Plaintiff is currently seeking a writ of mandamus from the Federal Circuit to reinstate his jury demand in this case.

■ Before this court addresses the substantive issues in plaintiff's motion for reconsideration, this court notes that because the plaintiff is seeking review of an interlocutory order prior to entry of final judgment, this court may review the substance of the motion at its own discretion. *See generally Marconi Wireless Telegraph Co. of America v. United States*, 320 U.S. 1, 48, 63 S.Ct. 1393, 1415, 87 L.Ed. 1731 (1943); *El Cajon Cinemas v. American Multi-Cinema*, 832 F.Supp. 1395 (S.D.Cal.1993). However, this court is mindful that in exercising its discretion to address the motion on its merits, the court does not wish to encourage the late filing of motions for reconsideration. The parties should be aware that subsequent motions may not be greeted in such a favorable manner in the future.

Plaintiff states reconsideration is essentially based on new facts relating to the doctrine of equivalents. Plaintiff's underlying substantive argument involves the perceived narrow parameters of the interpretation of the scope of the patented devices provided by this court in our July 30, 1993 decision. Plaintiff further argues that even if the summary judgment is upheld, plaintiff will be severely prejudiced if the trial on validity goes as planned because if the summary judgment is overturned by the circuit, the validity issues will have to be retried. This argument was previously considered and properly rejected in our September 21, 1993 order.

■ Plaintiff argues that the doctrine of equivalents is applicable in this case and under the doctrine the devices are the equivalent because only "insubstantial" differences exist between defendant's SABREvision and the patented devices. Plaintiff argues that they are providing three new pieces of information to the court to support this conclusion. First, the declarations of two experts outlining the "function, way, result" test of the doctrine of equivalents and how both the '115 and '359 patents meet these criteria. Second, the plaintiff supplies a report showing the number of times the patents have been cited in other patents and how this supports the theory that the patents are "pioneering inventions" and, as such, the balance to consider the doctrine of equivalents weighs more heavily in their favor. *International Visual Corp. v. Crown Metal Mfg.*, 991 F.2d 768 (Fed.Cir.1993).

In a concurring opinion in *International Visual Corp.*, a Federal Circuit judge did note that if an invention was a pioneering invention it would be considered when deter-

mining whether the doctrine of equivalents should be applied. However, in that same opinion the judge noted that the application of the doctrine is the exception not the rule, especially in light of the policy of encouraging the public to rely on the stated claims of a patent. *Id.* at 774. In our prior opinion of July 30, 1993, this court noted the doctrine was the exception not the rule, and declined to apply the doctrine (*see* July 30, 1993 order 834 F.Supp. at page 1252). This court does not see any reason to depart from its prior decision. The new information provided by the plaintiff mainly goes to how the doctrine would apply not whether it should apply.

Plaintiff argues the doctrine of equivalents should be applied to the entire structure of the system, focusing on the terms "customer" and "audio visual" device. This court fairly exhaustively addressed these two terms in its July 30, 1993 decision, and sees no new reason to change or reevaluate them here. (*See* July 30, 1993 opinion 834 F.Supp. at page 1253). Plaintiff also outlines how under the doctrine of equivalents the claimed inventions and the SABREvision device are equivalent as to their electromechanical means of accepting payment, and their self-contained and transportable descriptions. These two elements were also previously discussed in our July 30, 1993 opinion at pages 1250 and 1252. Again, the court sees no reason to deviate from our previous assessment of these two elements.

Defendant counters that the "new" evidence provided by plaintiff consists of two experts' opinions that were previously provided and considered by the court in the July 30, 1993 order.

Regarding the application of the doctrine of equivalents, defendants argue that this court already held no equitable facts existed to apply the doctrine here. Defendants note no equitable reasons now exist to apply the doctrine, especially in light of this late motion, and the information was previously available to plaintiff. Defendant also argues that plaintiff raises no genuine issue regarding the applicability of prosecution history estoppel.

■ Finally, defendant argues this motion is frivolous, objectively baseless and the oth-er side should be sanctioned and pay for defendant's attorney fees for their response.

■ Plaintiff in his reply states that because the patents have been cited so many times they are "pioneering devices" and this weighs in favor of applying the doctrine of equivalents. Plaintiff states a new patent (the "CIP" patent) was allowed by the patent office and is being issued to Lockwood; this CIP is a continuation-in-part of the '359 patent and has five claims. Plaintiff asserts this new patent does not mention the terms "customer" and "audio-visual" as addressed in this court's prior decision; therefore, these terms are insignificant and unnecessary to the patentability of the invention. Plaintiff also states this new CIP patent was found by the Patent and Trademark Office to be patentable over pertinent prior art cited by defendants. Plaintiff then goes on to discuss the application of the doctrine of equivalents as it pertains to a "hypothetical patent claim." Again, this court notes that the above argument fails to address the issue of whether the doctrine of equivalents should be applied in this case.

Plaintiff next outlines equitable reasons why the doctrine of equivalents should be applied. First, plaintiff states that in the spectrum of devices, the closer a device comes to copying the patented device, the stronger the argument for applying the doctrine of equivalents. *See International Visual Corp.* at 774–75 (concurring opinion). Thus, the plaintiff argues that the Lockwood devices are close enough on the spectrum, or the devices are similar enough to evoke the doctrine of equivalents. Second, plaintiff reargues the claims regarding the CIP patent, and how that supports a theory that the terms "customer" and "audio visual" are not key elements of the patent. Plaintiff next reargues his theory that the patented devices are a "pioneering invention" and thus tip the scales toward applying the doctrine of equivalents. Plaintiff also argues that during the course of the litigation the value of his patents are essentially zero.

Again, after considering *International Visual Corp.*, this court finds it is not required to apply the doctrine of equivalents under

these circumstances. In his concurring opinion, Judge Lourie of the Federal Circuit states,

> Thus, the court [Supreme Court in *Graver Tank [& Mfg. Co., Inc. v. Linde Air Products Co.,* 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950) ] decision] took account of the fact that there may be instances in which the function-way-result tests may be satisfied, but the facts may not justify the application of the doctrine of equivalents. *Id.* at 774. The district court is in the best position to determine whether there are any equities that argue for or against its [doctrine of equivalents] application. If there is no prosecution history estoppel, if application of the doctrine would not encompass prior art, and if the tripartite tests are met, I believe that a court should make a separate equitable determination, specifically including the above-noted "spectrum" and "similarity" evaluations in order to find infringement under the doctrine of equivalents. *Id.* at 775.

In our July 30, 1993 decision this court stated that no equitable reasons were sufficient to apply the doctrine of equivalents, and the plaintiff was estopped from using the doctrine by prosecution history estoppel. Because prosecution history estoppel will prevent the application of the doctrine of equivalents, and this court finds no convincing new reason that the court's July 30, 1993 finding of prosecution history estoppel was in error, plaintiff should not now be able to enjoy the benefits of an application of the doctrine of equivalents. Similarly, plaintiff's arguments for the application of the doctrine of equivalents is not sufficient to evoke its application when balanced against the policy concerns of making the stated claims of patents something the public can rely upon as the bounds of the patented invention. As the above court passage notes, it is the district court who makes this determination, and this court has already done that in our opinion of July 1993.

Regarding defendant's request for sanctions, this court finds that plaintiff's motion was not so without merit or frivolous to support an award of sanctions under the circumstances.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby denies plaintiff's motion for reconsideration of this court's July 30, 1993 order and denies plaintiff's request for sanctions.