Lawrence B. LOCKWOOD, Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

Civ. No. 91–1640–E(CM).

United States District Court,
S.D. California.

Dec. 1, 1994.

Robert M. Taylor, Jr., Corrine M. Freeman, James P. Brogan, Lyon & Lyon, Costa Mesa, CA, Douglas E. Olson, La Jolla, CA, for plaintiff and counterdefendant.

Don W. Martens, Joseph R. Re, Paul A. Stewart, Knobbe, Martens, Olson, & Bear, San Diego, CA, Thomas L. Crisman, Roger L. Maxwell, Johnson & Gibbs, Dallas, TX, for defendant and counterclaimant.

## MEMORANDUM DECISION AND ORDER

ENRIGHT, District Judge.

### BACKGROUND

This case began as a patent infringement claim by plaintiff Lockwood against defendant American Airlines. Plaintiff claimed infringement of two United States patents (numbers '115 and '359) and defendant filed counterclaims seeking declarations that the two patents are invalid, unenforceable, not infringed, and seeking attorney fees. On July 30, 1993, this court entered summary judgment for non-infringement by defendant on the two patents. Subsequently this court denied plaintiff's request to enter final judgment and instructed the parties to proceed on the remaining counterclaims. Additionally, the court denied plaintiff's motion for reconsideration of the July 30, 1993 order on March 10, 1994. In July 1994, the court granted plaintiff leave to file a second amended complaint to include infringement on a newly-issued patent, number 5,309,355 ("'355"), which is at issue in these motions.

The parties now present the court with two substantive motions: (1) defendant's motion for summary judgment of non-infringement of patent '355 and plaintiff's cross-motion for summary judgment of infringement of patent '355 and (2) defendant's motion for summary judgment of invalidity of patent number '355.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a party which "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that judgment may be entered as a matter of law. *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir.1987). "[A] party opposing a properly supported motion for summary judgment ... 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (*citing* Fed.R.Civ.P. 56(e)) (footnotes omitted). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513–14.

The construction of claims is a question of law which may be resolved pursuant to summary adjudication. *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1387 (Fed.

Cir.1992). The words in a claim should be given their ordinary meaning, unless it appears that the inventor used them differently. *See ZMI Corp. v. Cardiac Resuscitator Corp.*, 844 F.2d 1576, 1579 (Fed.Cir.1988). Additionally, the claims of a patent must be interpreted in light of the specification and prosecution history. *Graham v. John Deere Co.*, 383 U.S. 1, 33, 86 S.Ct. 684, 701, 15 L.Ed.2d 545 (1966).

## II. *AMERICAN'S MOTION FOR SUMMARY JUDGMENT OF NON–INFRINGEMENT OF PATENT '355 AND LOCKWOOD'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT OF PATENT '355*

### A. *Background*

Lockwood originally alleged that American's SABREvision computer reservation system infringed Lockwood's 1982 patent (number '115) and his 1986 patent (number '359). On July 30, 1993, the court ruled on summary judgment that American infringed neither patent. Since that time, Lockwood has amended his complaint to allege that American's SABREvision system infringes another patent, the 1994 patent (number '355).

The Sabrevision system is a manually operated system in which a travel agent gathers sales information from a customer either in person or by telephone. The travel agent then uses a computer terminal access schedule, cost and availability information stored in the central Sabre computer. The travel agent may also access a stored library of still photographs of places of interest to travelers such as hotels, restaurants, and cruise ships, as well as maps of countries, cities and airports, and display these still images on the computer terminal screen. The travel agent then gives the information to the customer as if it had been accessed in the agent's library of travel reference books.

If the customer decides to purchase a ticket, the travel agent solicits credit information or accepts cash payment from the customer. If a credit card is used, the travel agent must manually type in the credit information on the keyboard of the agent's computer terminal. Once credit is approved, the Sabre host computer commands a ticket printer at the travel agency to print a ticket which the travel agent delivers to the customer. The Sabrevision system accepts no information directly from the customer. On a technical level, the system consists of two major subsystems, the first located at the office of a travel agent and the second comprises the host computer, and the communications network and links.

### B. *Discussion*

The 1994 patent contains only one independent claim, Claim 1, and if American does not infringe this claim, then it cannot infringe any of the dependent claims as a matter of law. *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 798 (Fed.Cir.1990). Lockwood's 1994 patent claims an automated machine which generates sales presentations tailored to individual customer's needs: the computer accepts information about a customer, analyzes it and then composes and displays a motion-picture sales presentation tailor-made to that customer.

American asserts that the SABREvision system is an enhancement of American's SABRE computer reservation system, which is a worldwide network of travel agent computer terminals that American has used since the early 1960s. The SABREvision enhancement consists primarily of a videodisc, known as a CD–ROM, added to the SABRE system. Essentially, this videodisc is an electronic library which is intended to supplement or replace the library of tour books which most travel agents maintain.

### 1. *Literal Infringement*

 This court finds that American's system does not literally infringe the 1994 patent. Literal infringement may be found only where the accused product includes components or functions which exactly correspond to each and every claim limitation. *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed.Cir.1991). To determine whether the claims of a patent are literally infringed, the claims must be construed in light of the prosecution history. The court previously ruled that American does not infringe two of Lockwood's patents and it stated that Lockwood could not estab-

lish infringement merely by submitting declarations of expert witnesses who ignore the specification and file history of the patents. *Lockwood v. American Airlines, Inc.,* 834 F.Supp. 1246, 1254 (S.D.Cal.1993), *reh'g denied,* 847 F.Supp. 777 (1994). The court does not entirely disagree with American's assertion that Lockwood makes the same "mistake" again because, like before, Lockwood relies almost exclusively on the opinion of his expert witness, Dr. Tuthill, whose declaration is irreconcilable with the specification and file history of the 1994 patent.

Here, Lockwood does not refer to the specification or prosecution history of the 1994 patent. *See Senmed, Inc. v. Richard–Allan Medical Industries, Inc.,* 888 F.2d 815, 819 (Fed.Cir.1989) (Where specification and prosecution history are clear, they are "as a matter of law, compelling and conclusive of the proper claim interpretation."). Rather than look to the specification and prosecution history, Lockwood and his expert invoke the SABREvision device as their principle claim construction tool, repeatedly looking to the structure and functions of the SABRE system device to construe the language of the claims.

■ In addition, the court finds that Lockwood possibly narrowed the meaning of his claims in order to gain their allowance: American introduces evidence that Lockwood expressly represented to the Patent and Trademark Office ("PTO") that his claims regarding the 1994 patent are narrower in scope than the claims of his 1986 patent. *See* American's Motion, pp. 5–7; Exh. 246 and 247. Lockwood argued that the 1994 claims should therefore be patentable as well, and the PTO thereafter withdrew its rejection and allowed the 1994 patent to issue. The court finds American's argument persuasive that Lockwood cannot now claim that American infringes his "narrow" 1994 patent when the court has already ruled on summary judgment that American does not infringe any claim of the broader 1986 order.

Additionally, the court finds that literal infringement has not occurred because Lockwood's patent possesses claims which are not part of American's system. American's SABREvision does not include the automated "merchandising apparatus" required by Lockwood's claims. According to Claim 1 in Lockwood's patent, the apparatus is a "merchandising apparatus" which is more sophisticated than American's machine for retrieving a single still photograph from a videodisc. In addition, the court finds that SABREvision system does not display the "individualized sales presentation" evident in Lockwood's patent. American persuasively argues that this specification is an audio-visual presentation which is more elaborate and sophisticated than SABREvision's display of a single still photograph. Unlike American's system, Lockwood's machine analyzes the customer's characteristics and composes a sales presentation accordingly; it can select a particular region or city which would appeal to the customer; it can incorporate up-to-date information not found on the videodisc; and it can selectively combine customer information to retrieve still photographs.

The court finds that American's system does not "compose" a sales presentation and it cannot combine its still photographs to create a single presentation (it can only create a list of hotels from which the agent can select photographs one at a time). Its system does not "selectively combine" customer information to retrieve its still photographs— it merely retrieves a list of hotels which satisfies every customer criteria entered by agents. The system does not have the required "programmable means for directing the operation" of the Lockwood patent, and the American does not have a "means for collecting and storing service or price rate information from each institution." Finally, its videodisc does not store the three types of information required by the patent's claims 2–5.

### 2. *Doctrine of Equivalents*

■ In addition, the court finds that American's SABREvision system does not infringe the 1994 patent under the doctrine of equivalents, which states that infringement may be found if an accused device performs substantially the same function in substantially the same way to achieve substantially the same result. *London,* 946 F.2d at 1538. On this motion, American need only establish that its SABREvision system lacks one of the

features of Lockwood's claimed invention. *Pennwalt Corp. v. Durand–Wayland, Inc.,* 833 F.2d 931, 934–35 (Fed.Cir.1987). The court already ruled that there are no equitable facts or circumstances in this case which would justify applying the doctrine of equivalents, which is an exception rather than a rule. *Lockwood v. American Airlines, Inc.,* 834 F.Supp. 1246, 1252 (S.D.Cal.1993).

As an initial matter, American presents evidence that Lockwood's conduct during this litigation may not entitle him to the benefits of equity. The court previously ruled that American's SABREvision system did not infringe Lockwood's patents because American's system has no "audio-visual" capability and it is not "customer" operated. In August, 1991, prior to filing this action, Lockwood amended the claims of his then-pending 1994 patent to delete the term "audio-visual." Exhibit 26, p. 1. His patent attorney stated that he made this change in "anticipation of litigation." Exh. 25, lines 28–29. The attorney also testified that he omitted the word "customer" from the claims in "anticipation of litigation." Hence, American claims that Lockwood knew all along that these terms were critical limitations in his patents. Rather than wait for the issuance of his 1994 patent, however, he went forward with the litigation on the 1982 and 1986 patents and purposely omitted the terms from the 1994 patent application.

Even if the doctrine of equivalents applies to this case, Lockwood must show some structure or function in the SABREvision system which is at least equivalent to every limitation of the claimed invention. *Hoganas AB v. Dresser Industries, Inc.,* 9 F.3d 948, 954 (Fed.Cir.1993). The court finds that this requirement is not met in the present case. For example, American's system has no structure or computer program which corresponds to the "means for composing" an individualized sales presentation, which is required in Lockwood's patent. In the SABREvision system, all selection and arrangement of photographs is done manually by the travel agent. In addition, American persuades the court that, unlike Lockwood's patent, the SABREvision does not "selectively combine" customer information or create a "sales presentation" at all.

■■■ Finally, the court finds that the doctrine of prosecution history estoppel circumscribes the application of the doctrine of equivalents in the present case. Under the doctrine of prosecution history estoppel, a patentee's reliance on the doctrine of equivalents in litigation is forbidden, if that reliance would be inconsistent with amendments or arguments the patentee made before the patent examiner. *Hoganas AB,* 9 F.3d, at 951–52. This doctrine applies when a reasonable competitor, after reviewing the patent's prosecution history, would conclude that the patentee relinquished any claim to the subject matter at issue. *Id.* at 952. American persuasively demonstrates that Lockwood overcame the prior art by expressly relinquishing any claim to subject matter broad enough to cover the SABREvision. Lockwood's representations to the PTO that his 1994 patent was narrower in scope than his 1986 patent, discussed above, now prevent him from contending that the SABREvision system infringes his 1994 patent under the doctrine of equivalents.

### C. *Conclusion*

Therefore, the court finds that infringement has not incurred in this case. Based on the foregoing discussion, as well as the parties' memoranda, exhibits, and oral arguments, the court hereby grants American's motion for summary judgment of non-infringement of U.S. Patent number '355.

### III. *AMERICAN'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF PATENT '355*

#### A. *Overview*

■■■ In the present motion, the court must determine whether plaintiff Lockwood's patent is protected pursuant to the "continuation-in-part" ("CIP") procedure. This procedure basically waives the requirements of filing a new patent when a subsequent patent repeats all or a substantial portion of the specification of the parent/original application, but also introduces some new material. *Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1436–37 (Fed.Cir.1984). The sub-

sequent patent hence need not be filed on its own; it is merely a partial continuation of the parent patent and it is entitled to the same filing date as the parent application. According to case law, any claims that are first disclosed in the new materials added to the CIP (and not fully disclosed in the parent application) are not entitled to the parent's filing date—the filing date is the date the CIP was filed. *Litton, supra,* 728 F.2d at 1438.

Lockwood filed his application for the 1986 patent '359 in 1984. This patent described and claimed a customer-operated computer system for selling goods and services. In 1986, Lockwood filed the '115 patent, designating it as a CIP of the 1986 patent. The '115 patent encompasses a loan processing system. In 1988, Lockwood filed the '973 application, designating it as a CIP of the '115 application. This patent is basically a home shopping network system. In 1989, Lockwood filed the '283 patent, again claiming that this application was a CIP of the '973 application (the '283 application also explicitly incorporated the 1986 patent by reference). This patent consists of computerized sales terminals for selling travel services. Finally, in 1993, Lockwood filed an ordinary continuation of the '283 patent, which became the '355 patent in issue (also referred to as the "1994 patent").

## B. *Discussion*

■ The dispositive issue before the court is whether Lockwood's patent application filed in 1994 complies with the written description requirement of 35 U.S.C. § 112. If it does, then the claim is entitled to the filing date of the parent application under 35 U.S.C. § 120 (here, the parent application was filed in 1984). Section 112, which is referenced in § 120, states:

> [t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art ... [to practice that invention].

35 U.S.C. § 112.

American argues that the 1994 patent '355 is invalid under 35 U.S.C. § 102(b), which requires that an inventor apply for her or his patent no later than one year after she or he first publishes a description of the invention in an earlier patent or other publication. American claims that Lockwood would be entitled to the filing date of the 1986 patent only if the 1994 patent is fully disclosed in every prior application, because "there must be continuing disclosure through the chain of applications, without hiatus, to ultimately secure the benefit of the earliest filing date." *In re Schneider,* 481 F.2d 1350, 1356 (C.C.P.A.1973). American urges the court to look solely to the applications themselves rather than looking to the knowledge of those of skilled in the art. *Martin v. Mayer,* 823 F.2d 500, 505 (Fed.Cir.1987) (stating it is "not a question of whether one skilled in the art *might* be able to construct the patentee's device from the teachings of the disclosure ... Rather, it is a question whether the application necessarily discloses that particular device.") (quoting *Jepson v. Coleman,* 314 F.2d 533, 536 (C.C.P.A.1963)).

Hence, American argues that Lockwood's 1994 patent is entitled to the filing date of the 1984 patent only if the invention he claims in 1994 patent is fully disclosed in all previous applications—the '283 application, the '973 application, the '115 application, and the 1984 application.

Lockwood counters American's claims by stating that he has complied with the written description requirements of 35 U.S.C. § 112. Lockwood notes that the question is whether the parent application provides adequate direction which reasonably communicates to persons skilled in the art that the inventor has possession of the subject matter later claimed by her or him. *In Re Edwards,* 568 F.2d 1349, 1351–52 (C.C.P.A.1978). According to Lockwood, each patent application involves variations of the same theme: each sets forth its particular service, information or goods which expand upon the disclosure made in the parent patent, number '359. The overall theme is electronically connecting multiple customers to whom an interactive video presentation is made with multiple vendors through the use of computers and telecommunications networks. Each subsequent patent merely elaborates on the main

theme by addressing a different service or good.

In addition, Lockwood offers the declaration of Dr. Tuthill, who states that these applications all pivot on the same theme and lead one skilled in the art to the subject matter claimed in the '355 patent. Tuthill discusses in detail how each of the applications in the chain support the claims of the '355 patent. He also notes that '115 and '973 reference the '359 patent and he states that such reference in '115 would lead him to the '359 patent as a source of information to further understand the teachings of '115.

The court agrees with American that Lockwood's efforts to bypass the filing requirement through the CIP procedures are not successful. The court notes that case law holds that if even a single feature of a claimed invention was first disclosed in the new materials added to the CIP, and if it is not inherent in the parent application, then the claim is not entitled to the filing date of the parent application and the filing date is the date the CIP was filed. *Litton, supra,* at 1438; *see also In Re Certain Apparatus for Continuous Production of Copper Rod,* 206 U.S.P.Q. 138, 152 (Int'l Trade Comm'n 1979), *appeal dismissed,* 626 F.2d 843 (C.C.P.A. 1980).

While a generalized communications theme might be present in each of Lockwood's patents, the court finds that Lockwood fails to comply with the description requirement of § 112. The court finds that the patents are basically unrelated to each other and to the 1994 patent; moreover, the early applications do not serve as CIPs because they do not disclose the invention Lockwood claimed in the 1994 patent. For example, the 1994 patent claims a computer system having multiple videodiscs, one located at each of the system's computer terminals, which must be located in the merchandising apparatus. The '973 application discloses a computer system having a single videodisc located in the system's central data processing center, and it does not disclose the invention Lockwood claimed in the 1994 patent.

In addition, the court finds that the 1986 patent does not form a part of the '973 patent application merely because the '973 patent mentions the earlier application. The later patent mentions the prior patent in terms other than designation as a CIP: the '973 patent references the original 1986 patent by mentioning the 1986 patent as an example of the state of the art regarding prior art systems. The court finds that this statement is merely a passing reference and not, as Lockwood argues, an incorporation by reference. Finally, the '115 application does not disclose the invention Lockwood claimed in the 1994 patent because the two patents are dissimilar—the '115 application describes a machine for approving loans and the 1994 patent claims a machine for composing and displaying sales presentations which promote travel tour packages.

As a final matter, Lockwood asserts that the Patent and Trademark Office ("PTO") correctly allowed these applications during a prior dispute between the PTO and Lockwood and that the court should give deference to the PTO's findings. The PTO allegedly took the position that the claims at issue were entitled to the filing date of the '359 patent, a finding which apparently included the subsidiary findings that each of the applications in the chain met the written description requirement of § 120 and § 112. Lockwood states that the court should consider the PTO's determinations to be findings of fact. *See Waldemar Link, GmbH & Co. v. Osteonics Corp.,* 32 F.3d 556, 559, 31 USPQ2d 1855, 1857 (Fed.Cir.1994). The court finds that this prior prosecution is not binding on the court's analysis. The PTO does not typically determine which claims of a CIP are entitled to the parent filing date; it assumes all claims are entitled to the earlier filing date if certain formal requirements are met. Additionally, the court is not bound by the practices of the PTO. *See* Racing Strollers, Inc.

## V. *TRI INDUSTRIES, INC, 878 F.2D 1418, 1419 (FED.CIR.1989)*

### C. *Conclusion*

Based on the foregoing discussion, Lockwood is not entitled to a filing date earlier than 1989. The gap in the continuity ended

when Lockwood filed the '283 application in 1989 because at that time, he explicitly incorporated the 1986 patent by reference. Nonetheless, because Lockwood's 1986 patent was issued and published more than a year before this date, his 1994 patent is invalid under § 102(b). Therefore, the court grants American's motion for summary judgment of invalidity of patent '355.

### ORDER

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at hearing, and for the reasons set forth above, the court hereby grants defendant Americans' motion for summary judgment of non-infringement of patent '355 and its motion for summary judgment of invalidity of patent '355.