**PINNACLE PIGGING SYSTEMS, INC., and Robert C. Watts, Plaintiffs–Appellants,**

v.

**ELIMINATOR PIGGING SYSTEMS USA, INC., and Robert Brown, Defendants–Appellees.**

No. 02–1437.

United States Court of Appeals, Federal Circuit.

Feb. 13, 2003.

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Pinnacle Pigging Systems, Inc., and Robert C. Watts (collectively, "Pinnacle")

appeal from an order of the United States District Court from the Southern District of Texas ruling on summary judgment that Eliminator Pigging Systems USA, Inc., and Robert Brown (collectively, "Eliminator") did not infringe U.S. Patent No. 5,924,158 ("the '158 patent"). We *affirm* the grant of summary judgment of noninfringement, but *vacate* the denial of Pinnacle's motion for leave to amend its complaint and *remand* the case to the district court.

I

The '158 patent relates to a pipeline pig, a cylindrical device with multiple studs protruding from the circumference of its cover. When run through a pipeline, the pipeline pig scrapes away build-up from the pipeline's interior surface. The patent contains one claim, the pertinent language of which is: "a plurality of studs, each stud carried within a hole defined in the external cover, each hole sized for insertion of the stud *only after inflation of the cover enlarges the hole.*" '158 patent, col. 6, II. 64–67 (emphasis added).

Pinnacle filed suit charging Eliminator with infringement of claim 1 of the '158 patent. Eliminator moved for summary judgment of noninfringement, arguing that the claim required that the entire outer cover of the pig be inflatable and that the cover on Eliminator's pig does not inflate. In granting Eliminator's motion, the district court concluded it did not matter whether "inflation" was construed to require that the entire cover inflate, or that the inflation be limited to the area immediately around each hole where studs are inserted. The court found "Eliminator's pig does not inflate at all. As a result, Eliminator's pipeline pig does not include 'every limitation of the claim or an equivalent of each limitation.'" Pinnacle appeals, arguing that Eliminator's covers are

inflated when the studs are inserted into the holes using an air gun.

■ We affirm the grant of summary judgment of noninfringement. The claim recites "inflation of the cover," and the term "inflate" is ordinarily defined to mean "to swell or distend with air or gas." Webster's Third New International Dictionary 1159 (1968). We look to the ordinary meaning of the term because the record does not support the contention that the applicant was acting as his own lexicographer. Under the ordinary meaning of the term, inflation of the cover does not occur when an air gun inserts the studs. Even under Pinnacle's argument that the term "inflate" can include any means of expansion, the air gun does not inflate the cover, but rather expands the hole and, in doing so, compresses the material comprising the cover. The evidence in the record supports the contention that Eliminator's pigs are not capable of inflation.

As to a claim of infringement under the doctrine of equivalents, we affirm the district court because Pinnacle put forward no evidence or argument of equivalence. *See Intellicall, Inc. v. Phonometrics, Inc.,* 952 F.2d 1384, 1389, 21 USPQ2d 1383, 1387–88 (Fed.Cir.1992). Under *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), Pinnacle, as the non-moving party with the burden of proof, was required to present some evidence of equivalence in opposition to Eliminator's motion for summary judgment. Because Pinnacle failed to do so, we affirm the summary judgment of noninfringement and need not address the parties' arguments regarding prosecution history estoppel.

■ At oral argument, Pinnacle complained that it did not have sufficient opportunity for discovery before the district court entertained and ruled on Eliminator's motion for summary judgment.

Pinnacle, however, did not raise that claim in its brief in this case, and an issue not presented in an appellant's brief is deemed waived. *See Pieczenik v. Dyax Corp.,* 265 F.3d 1329, 1332–33, 60 USPQ2d 1305, 1307 (Fed.Cir.2001).

II

After Eliminator filed its answer and its motion for summary judgment but before the court ruled on that motion, Pinnacle requested leave to amend the complaint to add claims for Lanham Act violations, unfair competition, and misappropriation of trade secrets. Once a responsive pleading is served, a party may amend its pleading only by leave of the court, but the pertinent rule provides that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). On this procedural issue, we follow the law of the Fifth Circuit, the circuit in which the district court sits. *See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 807, 53 USPQ2d 1289, 1297 (Fed.Cir.1999). The Fifth Circuit reviews a district court's denial of a party's motion to amend pleadings for an abuse of discretion. *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1153 (5th Cir.1981). According to Pinnacle, the district court judge abused his discretion when he denied Pinnacle's request.

The Supreme Court has stated that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Fifth Circuit has repeatedly "indicated the disfavor with which [it] view[s] district court denials of amendments without stated reasons," but the court has also found that "[t]his lapse is unfortunate but not

fatal to affirmance" when there are "ample and obvious grounds" for the denial. *Rhodes,* 654 F.2d at 1153–54. *See also Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir.1981) ("Although the absence of an explanation of the denial need not always result in reversal, ... the reasons would have to be readily apparent. . . .").

▪ In this case, the district judge stated that he would not stay the proceedings based on contemporaneous Canadian litigation, but then, without explanation, entered an order denying Pinnacle's motion to amend. While one might infer that the judge's refusal to allow the amendment was based on the Canadian proceedings, that is neither readily apparent, nor would it be an appropriate basis for refusing leave to amend. The Canadian litigation might be an adequate basis for a decision to abstain or stay the proceedings had the judge found the proceedings to be in fact parallel, but the judge may not simply deny leave to amend as a means of avoiding the need to conduct the requisite analysis as to whether abstention or a stay would be appropriate.

We also do not see readily apparent grounds among the usual reasons for a denial of leave to amend a complaint–such as undue delay, bad faith on the part of the movant, repeated failure to cure deficien-cies by prior amendments, or undue prejudice to the opposing party. It appears from the record that Pinnacle's motion to amend was its first motion to amend in this case, and while Pinnacle's motion was not submitted immediately after its initial complaint, it is not obvious on the record before us that there was undue delay in filing the motion. Pinnacle filed the motion approximately three months after the complaint and seven months before the end of the judge's suspension of the summary judgment motion. Discovery was not scheduled to conclude until almost a year after Pinnacle filed the motion to amend. There is no clear issue of undue prejudice for Eliminator. While the district court judge may well have had a substantial reason for his denial of Pinnacle's motion, it is not readily apparent to us. Accordingly, we vacate and remand for an explanation of the basis for the trial court's denial of Pinnacle's motion to amend and, if there is no valid reason for the denial, for reconsideration of the order.*

---

\* Judge Plager believes there is ample support in the record for the trial judge's refusal to permit the amendment and that therefore the decision of the trial judge is not an abuse of discretion. Judge Plager would affirm the judgment of the trial court on all grounds.